IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRON J. MURPHY, SR., # 06459-025,

Petitioner,

    vs.

JAMES CROSS,

Respondent.                                   Case No. 14-cv-189-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his seven-year mandatory minimum consecutive sentence for "brandishing" a firearm (Count 2 below). The petition was filed on February 13, 2014.

    Following a jury trial in this Court, petitioner was convicted in October 2003 of five counts: (1) tampering with a witness by using physical force; (2) using a firearm in a crime of violence (the witness tampering); (3) being a felon in possession of a firearm; (4) possessing over 5 grams of crack cocaine with intent to distribute; and (5) conspiracy to distribute and possess with intent to distribute over 5 grams of crack cocaine. *United States v. Murphy, et al.*, Case No. 03-cr-30137-001. On April 13, 2004, he was sentenced to a total of 235 months in prison. This included 120 months on Counts 1 and 3, to be served concurrently with 151 months on Counts 4 and 5, plus an 84-month (seven year) sentence on Count 2 – which was to run consecutively to the 151-month sentence

pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) (Docs. 70, 119 in criminal case; Doc. 1-1, p. 2 herein). The conviction and sentence were affirmed on direct appeal. *United States v. Murphy*, 406 F.3d 857 (7th Cir. 2005).

In May 2006, petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Murphy v. United States*, Case No. 06-cv-343-GPM. He raised several claims of ineffective assistance of counsel, including the alleged failure of counsel to challenge the Court's jury instruction regarding brandishing a weapon or to object to the enhancement for using a firearm under the sentencing guidelines (Doc. 20 in § 2255 case). However, he obtained no relief.

Petitioner's crack cocaine-related sentences were later reduced after he filed motions for retroactive application of the new sentencing guidelines altering the crack/powder cocaine ratio. As a result, his total sentence was lowered from 235 months to 204 months as of April 11, 2012 (Docs. 136 and 184 in criminal case). At this time, he has another similar motion pending before this Court (Doc. 186 in criminal case, filed Aug. 7, 2013).

However, petitioner's mandatory seven-year consecutive sentence for Count 2 has remained unchanged, and that is the focus of his challenge herein. Petitioner was sentenced for "brandishing" a firearm under § 924(c)(1)(A)(ii). Under another section of that statute, however, the "use" of a firearm during the commission of a crime of violence carries a penalty of only five years. 18 U.S.C. § 924(c)(1)(A)(i). The original indictment used to charge petitioner with Count 2 stated that he "knowingly used, carried, and brandished a firearm" (Doc. 1-1, pp.

3, 13). However, the superseding indictment omitted the term "brandished," instead charging that he "knowingly used and carried" the gun (Doc. 1-1, p. 15). In his § 2255 proceeding, petitioner challenged the jury instructions on "brandishing" where that offense had been omitted from the superseding indictment, but this Court found his claim to be without merit, relying on *Harris v. United States*, 536 U.S. 545 (2002). Under then-established law, it was permissible for a judge to make a factual finding that increased a mandatory minimum sentence (Doc. 1-1, pp. 4-5).

That legal landscape has since changed, with the overruling of *Harris* in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that under the Sixth Amendment and pursuant to its earlier decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), any factor that increases the penalty for a crime (whether it increases the statutory maximum or minimum) must be charged in the indictment, submitted to the jury, and found beyond a reasonable doubt. Because the prosecution dropped the "brandishing" offense from the operative indictment, petitioner claims that he should not have been convicted of that crime. Under *Alleyne*, he should be considered "actually innocent" of the enhanced sentence. He asserts that this claim had been foreclosed at the time of his § 2255 motion, and may be raised in a § 2241 petition under the "savings clause" of 28 U.S.C. § 2255(e). As relief, he asks that his seven-year "brandishing" sentence be reduced to the five years that is prescribed for the "use" of a firearm in a crime of violence (Doc. 1, p. 7).

*Alleyne* was a direct appeal, specifically challenging a seven-year sentence for "brandishing" a firearm under § 924(c)(1)(A), when the "brandishing" factor had been found by the trial judge, not the jury. Petitioner argues that the *Alleyne* ruling should apply equally to his collateral attack under § 2241.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before April 7, 2014).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 7th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.07 12:20:29 -06'00'

**Chief Judge**
**U.S. District Court**