IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRON J. MURPHY, SR.,
#06459-025

    Petitioner,

              Case No. 14-cv-189-DRH

vs.

FRANCISCO J. QUINTANA,
WARDEN, FCI-LEXINGTON,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

  Petitioner Darron J. Murphy, Sr. filed a petition for writ of habeas corpus under 28 U.S.C §2241 challenging the constitutionality of the seven-year mandatory minimum sentence he received for "brandishing" a firearm while committing a crime of violence. For the reasons set forth below, the petition is denied.

## BACKGROUND

  Following a jury trial in this Court, Darron J. Murphy, Sr. was convicted by a jury on all five counts in the superseding indictment: (1) witness intimidation, (2) use of a firearm in connection with a crime of violence, (3) possession of a firearm by a convicted felon, (4) possession with intent to distribute crack cocaine, and (5) conspiracy to distribute and possess with intent to distribute over five grams of crack cocaine. *United States v. Murphy*, Case No. 03-cr-30137 (S.D. Ill.) at Docs.

16, 38–42).  On April 13, 2004, he was sentenced to a total of 19 years and 7 month's imprisonment.  *Id.* at Docs. 67, 70.  His sentence included 120 months on the witness intimidation charge and the felon in possession charge (Counts 1 & 3), and 151 months on each crack cocaine charge (Counts 4 & 5), all to be served concurrently.  Additionally, he was sentenced to seven years (84 months) on the firearm charge (Count 2), to be served consecutively.  Murphy's sentence on the crack cocaine charges (Counts 4 & 5) was later reduced based on a retroactive amendment to the federal sentencing guidelines that lowered the base offense level for crack cocaine crimes. *Id.* at Docs. 136 and 184.  As a result, his total sentence was lowered to 17 years' imprisonment, but his sentence on the firearm charge in Count 2 remained unchanged.

On May 1, 2006, Murphy filed a collateral attack on his sentence under 28 U.S.C § 2255.  *Murphy v. United States*, Case No. 06-cv-343 (S.D. Ill.) at Doc. 1.  Murphy raised several claims of ineffective assistance of counsel, and also claimed that the Court failed to adequately consider the statutory sentencing factors.  *Id.* at Doc. 20.  Murphy's § 2255 motion was denied, as was his motion for a Certificate of Appealability.  *Id.* at Docs. 20, 26.  Likewise, the Seventh Circuit Court of Appeals denied his request for a Certificate of Appealability.  *Id.* at Doc. 32.

On February 13, 2014, Murphy filed another collateral attack on his sentence, this time under the federal habeas corpus statute, 28 U.S.C. §2241 (Doc. 1).  In his § 2241 petition, Murphy attacks the seven year sentence that he received on Count 2.  The jury convicted Murphy on Count 2 of "using or carrying" a firearm

in relation to a crime of violence, a violation subject to a mandatory minimum sentence of five years. At sentencing, however, the Court found that Murphy had "brandished" the firearm, which increased the mandatory minimum sentence to seven years. Murphy claims that his sentence on Count 2 is improper in the wake of *Alleyne v. United States,* wherein the United States Supreme Court held that the finding that a defendant had brandished a firearm, as opposed to merely carried, must be found by a jury because it elevates the mandatory minimum sentence from five to seven years. 133 S.Ct. 2151, 2163 (2013). Murphy insists that under *Alleyne* he is "actually innocent of the sentencing enhancement" because the jury found him guilty of using and carrying a firearm, not brandishing. Put another way, he argues that his sentence was improperly enhanced based on conduct for which he was never charged or found guilty.

## Analysis

In the instant matter, Murphy's contention that the Court erred in sentencing him on Count 2 attacks the imposition, not the execution, of his federal sentence. Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may only be used by federal prisoners seeking to challenge the execution of a sentence. *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998). A federal prisoner seeking to challenge the imposition of his sentence must pursue relief under 28 U.S.C. § 2255. *Brown v Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). However, under very limited circumstances, a prisoner can challenge the imposition of his

sentence under § 2241 pursuant to the "savings clause" of § 2255(e). *Caraway*, 719 F.3d at 586; *United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002). The savings clause authorizes a federal prisoner to proceed under § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Prevatte,* 300 F.3d at 798–99. Accordingly, Murphy can proceed with his claim under § 2241 only if he demonstrates that he fits within the savings clause because § 2255 is inadequate or ineffective.

The Seventh Circuit has explained that § 2255 is inadequate or ineffective "when its provisions limiting multiple § 2255 motions prevent a [petitioner] from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (quoting *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002)). Murphy must establish three conditions to show that § 2255 is inadequate or ineffective and he fits within the savings clause. *Brown*, 719 F.3d at 586 (citing *In re Davenport*, 147 F.3d 605, 610–12 (7th Cir. 1998)). First, he must show that his legal theory "relies on a statutory-interpretation case, rather than a constitutional case" and therefore "eludes the permission in section 2255 for successive motions." *Caraway*, 719 F.3d at 586 (internal citations omitted); *Kramer*, 347 F.3d at 217; *In re Davenport*, 147 F.3d at 611. Second, Murphy must show that his legal theory relies on a change in the law that postdates his first § 2255 motion and is retroactively applicable to collateral attacks. *Caraway*, 719 F.3d at 586 (internal citations omitted); *Kramer*, 347 F.3d at 217. Finally, Murphy must show "that his theory

supports a non-frivolous claim of actual innocence." *Kramer*, 347 F.3d at 217 (citing *Taylor*, 314 F.3d at 835 ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review-and then only when as in *Davenport* the claim being foreclosed is one of actual innocence."))

Here, it is clear that Murphy cannot establish the first condition. *Alleyne* is a constitutional case, *not* a statutory-interpretation case. *Simpson v United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013). Therefore, Murphy's *Alleyne* claim is not one that "eludes permission in section 2255 for successive motions" because the express language of § 2255(h)(2) permits federal prisoners to pursue successive motions based on "a new rule of constitutional law." 28 U.S.C. § 2255(h)(2). Because Murphy's claim is based on a constitutional case and he can pursue his claim under § 2255, that statute is not inadequate or ineffective. *In re Davenport*, 147 F.3d at 611–12 ("[If] the prisoner is not barred from filing a successive such motion, then his 2255 remedy is not inadequate and he cannot apply for habeas corpus.") While it is a virtual certainty that the Seventh Circuit will deny Murphy's request to file a successive § 2255 motion because the Supreme Court has not declared that *Alleyne* applies retroactively on collateral appeal, the simple fact that his request will be denied does not render § 2255 inadequate or ineffective. *See* 28 U.S.C. § 2255(h)(2); *Simpson*, 721 F.3d at 876; *Unthank v. Jett,* 549 F.3d 534, 535 (7th Cir. 2008) (citing *Taylor*, 314 F.3d at 836); *In re Davenport*, 147 F.3d at 610.

Because Murphy cannot establish the first condition, his claim does not fit within the savings clause and he cannot use § 2241 for this particular challenge. The Court need not address the second and third conditions.

## Conclusion

Darron Murphy's petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATE: August 8, 2014

Digitally signed by David R. Herndon
Date: 2014.08.08 13:23:38 -05'00'

Chief Judge
United States District Court